# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ADAN GARCIA-GARCIA,<br><br>    Defendant. | 8:17CR145<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation, ECF No. 38, issued by United States Magistrate Judge Michael D. Nelson, recommending that the Motion to Suppress filed by the Defendant Adan Garcia-Garcia ("Defendant"), ECF No. 26, be denied. Defendant filed Objections to the Findings and Recommendation, ECF No. 39, as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government responded, ECF No. 40, to the Objections. For the reasons set forth below, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

## BACKGROUND

Defendant is charged with one count of possessing with intent to distribute a mixture or substance containing a detectable amount of heroin. Defendant moves to suppress evidence and statements made to law enforcement on May 12, 2017. Neither party directly objects to the Magistrate Judge's factual findings. The Court adopts the Magistrate Judge's factual findings and provides the following summary of the facts based on its review of the evidence:

On May 12, 2017, Defendant was waiting to reboard a bus to Indianapolis at the Greyhound Bus Station in Omaha, Nebraska. Investigator Kevin Finn, an officer with the Commercial Interdiction Unit of the Nebraska State Patrol, noticed a new Samsonite suitcase sitting next to the bus, waiting to be loaded. Based on several factors, Finn suspected the suitcase to be transporting contraband. Finn entered the bus station, approached Defendant, identified himself as law enforcement, and began to question Defendant.

Defendant explained to Finn that he did not speak English. Finn, using basic Spanish and a smart-phone translation app, began to question Defendant about his travels. Finn and Defendant exchanged documents in response to Finn's requests, and Defendant produced a bus ticket, baggage claim check, and identification. Using the translation app, Finn showed Defendant a screen with a statement asking for consent to search Defendant's bag. Defendant replied yes. Finn used the Spanish term "bolsa" when requesting permission to search.

Finn asked Defendant to identify his "bolsa." Defendant began to get onto the bus to retrieve a small personal bag. Before Defendant boarded the bus, Finn pointed at the checked suitcase outside the bus and asked if it belonged to Defendant. Defendant acknowledged it was his. Finn then said "permite?" to request to search the suitcase. Defendant did not respond verbally, but raised his hands chest high and nodded. Finn testified that Defendant's body language indicated permission to search the suitcase.

Finn then searched the Samsonite suitcase and found a wrapped package, which he suspected to be drugs. The contents were later determined to be heroin. Finn then placed Defendant in handcuffs and escorted him to a back room of the bus station.

2

Later, Defendant made several incriminating statements including, but not limited to, an admission that he had been paid to deliver contraband.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

### I. Initial Encounter with Law Enforcement

Defendant first argues that Finn seized him without reasonable suspicion. The Fourth Amendment demands that people shall "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, . . . and no Warrants shall issue, but upon probable cause. . . ." U.S. Const., amend. IV. "The Fourth Amendment 'is not triggered by a consensual encounter between an officer and a private citizen.'" *United States v. Aquino*, 674 F.3d 918, 923 (8th Cir. 2012) (quoting *United States v. Villa–Gonzalez,* 623 F.3d 526, 531 (8th Cir. 2010)). An encounter is consensual unless, "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Grant*, 696 F.3d 780, 784 (8th Cir. 2012). Courts evaluate several factors when assessing consent under the totality of the circumstances:

> Officers positioning themselves in a way to limit the person's freedom of movement, the presence of several officers, the display of weapons by officers, physical touching, the use of language or intonation indicating

3

> compliance is necessary, the officer's retention of the person's property, or an officer's indication the person is the focus of a particular investigation.

*Aquino*, 674 F.3d at 923 (quoting *United States v. Griffith,* 533 F.3d 979, 983 (8th Cir. 2008)). "[T]he determination of whether a reasonable officer would believe that [a defendant] consented is a question of fact, subject to review for clear error." *United States v. Quintero-Felix*, 714 F.3d 563, 568 (8th Cir. 2013) (quoting *United States v. Guerrero,* 374 F.3d 584, 588 (8th Cir. 2004)).

The video of the encounter demonstrates that Defendant's initial interaction with Finn was consensual. At all times, Finn was cordial and did not use any language or intonation indicating that Defendant was required to comply with his request to answer questions. Finn did not retain any of Defendant's documentation after verifying his identity and itinerary. Although there was another officer present, there was no indication that the other officer was positioned in a way that limited Defendant's movement nor is there any evidence that Defendant was even aware of the other officer's presence. Considering the circumstances in light of the factors listed in *Aquino*, the Court adopts the Magistrate Judge's conclusion that the encounter was consensual.

## II. Search of the Suitcase

Defendant argues that even if the encounter was consensual, the search of Defendant's suitcase was not. The government is required to show voluntary consent by a preponderance of the evidence. *United States v. Lakoskey*, 462 F.3d 965, 973 (8th Cir. 2006), *as amended on reh'g* (Oct. 31, 2006). Voluntary consent may be express or implied through "words, gestures, and other conduct." *United States v. Jones*, 254 F.3d 692, 695 (8th Cir. 2001); *see also Lakoskey*, 462 F.3d at 973. In the

4

non-verbal context, implied consent can be shown through an affirmative act by a defendant to indicate consent. *See, e.g.*, *United States v. Mendoza*, 677 F.3d 822, 829 (8th Cir. 2012) (holding that defendant who had been informed of right to refuse impliedly consented to search when, after officers said they were going to search his house, he gestured to the house and did not object). "[T]he ultimate inquiry is not whether the defendant subjectively consented, but whether 'a reasonable officer would believe consent was given.'" *United States v. Rodriguez*, 834 F.3d 937, 940 (8th Cir. 2016) (quoting *United States v. Pena–Ponce*, 588 F.3d 579, 584 (8th Cir. 2009)).

The Magistrate Judge concluded that a reasonable officer would have believed that Defendant consented to the search of the suitcase. Although Defendant spoke little English and Finn spoke little Spanish, the record shows that the two were able to communicate through simple phrases and the use of the translation app.[1] Using the app, Defendant appropriately answered questions about his travels and expressly agreed to allow Finn to search his "bolsa." Defendant's Objection focuses on the term "bolsa," which, according to Defendant's Spanish language expert, refers to a small cloth bag. The expert testified that a more accurate term would have been "maleta" for suitcase, or "equipaje" for luggage. Thus, Defendant argues that he consented to a search of his small carry-on bag, but not the suitcase outside the bus.

The Eighth Circuit has held that consent is not shown where "a reasonable officer would have been aware that [the defendant] was having difficulty understanding the

---

[1] Defendant's Spanish language expert testified that the translation app was not appropriate for explaining complex legal concepts but was accurate for short terms and phrases. Finn's requests using the app were simple and straightforward and the video demonstrates that Defendant complied with Finn's simple requests through the app.

questions." *United States v. Guerrero*, 374 F.3d 584, 589 (8th Cir. 2004). In this case, however, there is no evidence that Defendant was having difficulty understanding Finn's questions. In determining whether consent was given, the Magistrate Judge correctly considered the Defendant's

> age, education, intelligence, sobriety, and experience with the law; and context, such as the length of questioning, the substance of any discussion preceding the consent, whether the defendant was free to leave, and whether the defendant's contemporaneous reaction to the search was consistent with consent.

*United States v. Correa*, 641 F.3d 961, 966–67 (8th Cir. 2011) (quoting *United States v. Va Lerie,* 424 F.3d 694, 700 (8th Cir. 2005) (en banc)).

Defendant is twenty-six years old and the record contains no evidence that he has less than average intelligence or education. He was attentive and engaged throughout the short conversation and responded appropriately to all of Finn's questions. Although Defendant indicated that he did not speak English, his responses and gestures demonstrate that he did not struggle with the questions being asked or the requests made.

Defendant argues that Finn did not obtain implied consent because Defendant was attempting to board the bus to retrieve his small bag when Finn asked to search Defendant's suitcase. The video indicates that Finn clarified any confusion that may have existed. As Defendant attempted to board the bus, Finn immediately pointed to the suitcase and asked if the suitcase belonged to Defendant. Defendant indicated that it did. Defendant's language expert confirmed that a reasonable Spanish speaker would understand "bolsa" as referring to a suitcase after pointing to it.

Defendant's actions indicate that he understood the request. After Finn confirmed that the suitcase belonged to Defendant, he asked "permite?" to obtain permission. In response to Finn's request, Defendant nodded and put his hands up indicating that he had given permission. No evidence suggests that Defendant felt coerced or restrained at that moment. Thus, "[h]is contemporaneous reaction to the search—compliance and silence—was consistent with consent." *Correa*, 641 F.3d at 967. Accordingly, for the reasons stated in the Findings and Recommendation, the Court concludes that Defendant consented to the search of his suitcase.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted and the Motion to Suppress will be denied.

IT IS ORDERED:

1. The Findings and Recommendation, ECF No. 38, are adopted;
2. The Motion to Suppress filed by the Defendant Adan Garcia-Garcia, ECF No. 26, is denied; and
3. The Objections to the Findings and Recommendation , ECF No. 39, are overruled.

Dated this 11th day of December, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge